UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL TERCERO RAUDES, | Case No. 2:26-cv-05805 ADS |
| Petitioner, | |
| v. | ORDER GRANTING PETITION |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

## I.   **INTRODUCTION**

Petitioner Miguel Angel Tercero Raudes filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"), seeking immediate release from immigration detention.  (Dkt. No. 1.) Respondents filed an Answer to the Petition.  (Dkt. No. 13) Petitioner filed a reply (Dkt. No. 14.) For the reasons discussed below, it is recommended the Petition be granted.

## II.   FACTUAL BACKGROUND

Petitioner is a native of Nicaragua. (Dkt. No. 1 at 4.)[1] In 2008, Petitioner was removed from the United States pursuant to a 2006 order of removal. (Dkt. No. 1 at 4; Dkt. No. 13 at 3.)  Petitioner later re-entered the United States at an unknown date without inspection. (Dkt. No. 13 at 3.) In 2015, Petitioner was convicted for driving under the influence and driving without a license. (Id.) On October 17, 2016, Petitioner was detained by immigration authoroties, at which point Petitioner's final order of removal was reinstated. (Dkt. No. 1 at 4.) On April 18, 2017, an immigration judge granted Petitioner's release on bond after a Rodriguez hearing. (Dkt. No. 1 at 4; Dkt. No. 13 at 3.)  On April 14, 2023, an immigration judge granted Petitioner's withholding of removal request based on a finding that it was more likely than not that Petitioner would be persecuted in Nicaragua.  (Dkt. No. 1 at 10.) Petitioner fears persecution and torture in Nicaragua. (Id. at 4.) On May 29, 2026, Petitioner was detained at his appointment with immigration officials. (Id.) On June 3, 2026, Petitioner was informed that Respondents intended to remove Petitioner to Mexico, a third country. (Dkt. No. 13 at 4.)

On May 29, 2026, Petitioner filed the instant Petition, arguing that his detention and removal violates: (1) procedural due process, (2) the Immigration and Nationality Act ("INA"), and (3) the Convention Against Torture ("CAT").  (Dkt. No. 1) Petitioner seeks immediate release and an injunction to prevent Respondents from removing Petitioner to Nicaragua or a third country.  (Id. at 13.) Respondents filed an Answer, arguing that Petitioner's removal was not administratively final until the date his

---

[1] All references are to the CM/ECF-generated pagination.

2

withholding of removal request was granted, meaning that May 29, 2026 is the first day of Petitioner's detention for Zadvydas purposes. (Dkt. No. 13 at 4.) Respondents further argues that they are not required to prearrange a noncitizen's travel documents before detaining them and that there is no due process violation because the time Petitioner has spent after the final order of removal is minimal. (Id.) Petitioner's Reply argues that Petitioner's detention has been longer than six months because the reinstatement of removal order become final upon issuance. (Dkt. No. 14 at 5.) The Reply also argues that Respondents have not met their burden to show that Petitioner's removal is reasonably foreseeable and that Petitioner continues to lack due process. (Id. at 5-8.)

## III.   DISCUSSION

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). In the context of immigration-related detention, "habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention." Zadvydas v. Davis, 533 U.S. 678, 678 (2001).

### A.  Reinstatement of Removal

If "an alien has reentered the United States illegally after having been removed… under an order of removal, the prior order of removal is reinstated from its original date." 8 U.S.C. § 1231(a)(5). In such instance, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [Chapter 12], and the alien shall be removed under the prior order at any time after the reentry. Id. "The alien has no right to a hearing before an immigration judge in such circumstances." 8 C.F.R. § 241.8(a).

However, an individual may apply for a withholding of removal if they express a fear of returning to the designated country. 8 C.F.R. § 241.8(e). Removal orders and withholding-only proceedings are two separate processes, such that a noncitizen's "initiation of withholding-only proceedings does not render non-final an otherwise administratively final reinstated order of removal." Johnson v. Guzman Chavez, 594 U.S. 523, 524, (2021) (citation and internal quotation marks omitted).

Petitioner was removed from the United States in 2008. (Dkt. No. 1 at 4.) ICE officers detained Petitioner on October 17, 2016 upon discovering that Petitioner re-entered the United States without inspection. (Dkt. No. 13 at 3.) That same day, Petitioner's final order of removal was reinstated. (Dkt. No. 1 at 4; Dkt. No. 13 at 3.) Petitioner's withholding of removal request, which was eventually granted on April 14, 2023, has no bearing on the validity of the reinstated removal order on October 17, 2016. See Johnson, 594 U.S. at 524 ("[T]he validity of removal orders is not affected by the grant of withholding-only relief. . . ."). Therefore, contrary to Respondent's assertion, October 17, 2016 is the pertinent date which marks the start of Petitioner's detention following the final removal order.

**B. Post Final Order of Removal**

"A noncitizen subject to a reinstated removal order is subject to detention pursuant to 8 U.S.C. § 1231." Maradiaga-Bonilla v. Warden of the Mesa Verde Facility, No. 1:26-CV-01995-DJC-CSK, 2026 WL 2210010, at *2 (E.D. Cal. July 31, 2026) (citing Johnson, 594 U.S. at 529-30). Such noncitizens may only be detained for "a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). Following a final order of removal, six months of detainment is considered to be a presumptively reasonable period of

detention to effectuate the removal of a noncitizen. Id. at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

As discussed above, October 17, 2016 is the key date which marks the start of Petitioner's detention following the reinstated final removal order. Petitioner was detained until April 18, 2017, at which point Petitioner was released on bond. (Dkt. No. 13 at 3-4.) ICE officers again detained Petitioner on May 29, 2026, which is the same day the Petition was filed. (Dkt. No. 1; Dkt. No. 13 at 4.) Petitioner has been detained for a cumulative total of over six months from the period following the reinstated final order of removal to the filing of Petition. Accordingly, Petitioner's detainment is outside the presumptively reasonable period described in Zadvydas. See Yakoub v. Marin, No. 5:26-CV-01399-JAK (RAOX), 2026 WL 922015, at *4 (C.D. Cal. Mar. 31, 2026) ("Courts interpreting *Zadvydas* have held that the six-month period does not reset when the government detains a noncitizen under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again") (cleaned up) (citations omitted); see also Siguenza v. Moniz, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the Zadvydas period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.").

Petitioner is a native of Nicaragua, but cannot be removed to Nicaragua because an immigration judge granted Petitioner's withholding of removal request based on a finding that it was more likely than not that Petitioner would be persecuted in

Nicaragua.   (Dkt. No. 1 at 4, 10.) On June 3, 2026, Respondents stated their intention to remove Petitioner to Mexico. (Dkt. No. 13 at 4.) Two months have passed but Respondent have not alleged obtaining any travel documents to Mexico. This constitutes a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701; see Vishal v. Chestnut, 811 F. Supp. 3d 1179, 1184 (E.D. Cal. 2025) (finding a "good reason" to believe that the petitioner's removal to a third country was unlikely in part because the petitioner had "never been asked to apply for any travel documents and that ICE has paper copies of his passport and identification card"); see also Baltodano v. Bondi, 815 F. Supp. 3d 1191, 1198 (W.D. Wash. 2025) (finding a "good reason" where the petitioner demonstrated both the impossibility of his removal to Nicaragua given his CAT deferral and there was a lack of evidence that the respondents were actually removing the petitioner to any third country).

Given that Petitioner's detention is beyond the presumptively reasonable six-month period and Petitioner has shown a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, Respondents "must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Respondents allege, without providing further detail, that Petitioner will be removed to Mexico, a third country. (Dkt. No. 13 at 2.) Respondents' general allegation that Petitioner will be removed to a third country is not sufficient for meeting Respondents' burden to prove that Petitioner has a significant likelihood of removal in the reasonably foreseeable future. See Vishal, 811 F. Supp. 3d at 1184–85 (E.D. Cal. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the

likelihood that removal will occur."); see also Baltodano, 815 F. Supp. 3d at 1199 (finding the respondents failed to meet their burden when they "offered no evidence that travel documents for petitioner have even been requested from any third country"). In Vishal, as is the case here, the court emphasized that "Respondents do not provide any details whatsoever regarding what actions have been and are being taken in pursuing Petitioner's removal to a third country." 811 F. Supp. 3d at 1184. Accordingly, Respondents have failed to meet their burden to show that Petitioner's removal is reasonably foreseeable.

### C. **Remedy**

"[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." Zadvydas, 533 U.S. at 699-700; see also Vishal, 811 F. Supp. 3d at 1185. Accordingly, release is the appropriate remedy.[23]

### IV. **Order**

Based on the foregoing, IT IS HEREBY ORDERED:

1.      The Petition is granted;

///

---

[2] Because the Court finds Petitioner is entitled to relief under Zadvydas, the Court does not reach the other grounds asserted.

[3] The applications for Temporary Restraining Orders are denied as moot [Dkt. Nos. 9, 16.]

7

2.    Respondents must immediately release Petitioner Miguel Angel Tercero Raudes (A# 200-037-357); and

3.    Judgment is to be entered accordingly.

DATED:   August 10, 2026

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge